1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RAMON CONTRERAS,                        No.  2:23-CV-1022-DJC-DMC-P

12                    Plaintiff,

13        v.                                 ORDER REFERRING CASE TO ADR AND
                                             STAYING ACTION FOR 120 DAYS
14   JEFF MACOMBER, et al.,

15                    Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  An answer has been filed and the case is now at issue.[1]

19              The undersigned is referring all post-screening civil rights cases filed by pro se

20   state inmates to Post-Screening Early ADR (Alternative Dispute Resolution) in an effort to

21   resolve such cases more expeditiously and less expensively. Defense counsel from the Office of

22   the California Attorney General has agreed to participate in Early ADR. No defenses or

23   objections shall be waived by their participation.

24   / / /

25   / / /

26   / / /

27   _____

28        [1]      Plaintiff's motion for an order requiring Defendants to response to Plaintiff's complaint, ECF No.
     17, will be denied as moot because Defendants have filed an answer.

                                             1

1    As set forth in the screening order, Plaintiff has stated a potentially cognizable

2    civil rights claim.  Thus, the Court stays this action for a period of 120 days to allow the parties to

3    investigate Plaintiff's claims, meet and confer, and then participate in a settlement conference.

4    There is a presumption that all post-screening prisoner civil rights cases assigned

5    to the undersigned will proceed to settlement conference.[2]  However, if after investigating

6    Plaintiff's claims and speaking with Plaintiff, and after conferring with defense counsel's

7    supervisor, defense counsel in good faith finds that a settlement conference would be a waste of

8    resources, defense counsel may move to opt out of Early ADR.  A motion to opt out must be filed

9    within 30 days of the date of this order.

10    Once the settlement conference is scheduled, at least seven days prior to the

11    conference, the parties shall submit to the settlement judge a confidential settlement conference

12    statement.  The parties' confidential settlement conference statements shall include the following:

13    (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a

14    short procedural history; (d) an analysis of the risk of liability, including a discussion of the

15    efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made

16    to settle the case.  Defense counsel shall e-mail the settlement conference statement to the

17    settlement judge's e-mail box for proposed orders, available on the court's website.  Plaintiff shall

18    place his settlement conference statement in the U.S. mail addressed to the settlement conference

19    judge, United States District Court, 501 I Street, Sacramento, CA  95814.  Plaintiff shall mail his

20    settlement conference statement so that it is received by the Court at least seven days before the

21    settlement conference.

22    In accordance with the above, IT IS HEREBY ORDERED that:

23    1.    This action is stayed for 120 days to allow the parties an opportunity to

24    settle their dispute before the discovery process begins.  Except as provided herein or by

25    subsequent court order, no other pleadings or other documents may be filed in this case during the

26    stay of this action.  The parties shall not engage in formal discovery, but the parties may elect to

27    engage in informal discovery.

28

---

[2]    If the case does not settle, the Court will issue a discovery and scheduling order.

2.      Within 30 days from the date of this order, Defendants shall file any motion to opt out of Post-screening Early ADR.

3.      At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the settlement judge.  Defense counsel shall e-mail the settlement conference statement to the settlement judge's proposed orders e-mail address.  Plaintiff shall place his settlement conference statement in the U.S. mail addressed to the settlement judge, United States District Court, 501 I Street, Sacramento, CA  95814.  Plaintiff shall mail his settlement conference statement so that it is received by the court at least seven days before the settlement conference.

4.      If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

5.      The parties remain obligated to keep the court informed of their current addresses at all times during the stay and while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  See Local Rule 182(f).

6.      Plaintiff's motion for an order requiring Defendants to respond to the complaint, ECF No. 17, is DENIED as moot.


Dated:  March 15, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3