**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMON CONTRERAS, | No.  2:23-CV-1022-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are the following motions related to discovery: (1) Plaintiff's motions to compel further responses to interrogatories, ECF Nos. 33 and 37; (2) Plaintiff's motion to compel further responses to requests for production of documents, ECF No. 35; and (3) Plaintiff's motion to compel further responses to requests for admissions, ECF No. 36. Defendants oppose Plaintiff's motions, ECF Nos. 34, 38, and 39.

///
///
///
///
///
///

1

Case 2:23-cv-01022-DJC-DMC    Document 41    Filed 03/24/26    Page 2 of 13

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint. Plaintiff names as defendants: (1) current California Department of Corrections and Rehabilitation (CDCR) Secretary Jeff Macomber, and (2) former CDCR Secretary, Kathleen Allison. See ECF No. 1, pg. 6.

In his first claim, Plaintiff asserts that Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Plaintiff alleges that Defendants knew of and disregarded the substantial risk of serious bodily harm that inmates face when assigned to a Non-Designated Program Facility (NDPF). See id. at 11. Plaintiff provides details regarding his annual review committee hearing on October 14, 2021. The committee informed Plaintiff of its recommendation to transfer Plaintiff to an NDPF, notifying him that if he refused to transfer to an NDPF, disciplinary action would follow. See id. According to Plaintiff, Defendant Former CDCR Secretary Kathleen Allison enforced the NDPF policy as an "underground regulation" during her entire tenure as CDCR Secretary. Id.

On November 16, 2021, Plaintiff was transferred to Avenal State Prison (ASP). See id. at 11. Plaintiff recounts the violent events that transpired when he transferred to ASP on June 23, 2022, in which Plaintiff engaged in a physical confrontation with two other inmates. See id. at 12. An officer intervened by administering Oleoresin Capsicum (O.C.) pepper spray twice to Plaintiff. Plaintiff then provides a detailed account of the officer escorting Plaintiff to a decontamination shower, in which he was stripped of his clothes and back brace. See id. at 14-15. Plaintiff alleges that the Defendants are aware that the NDPF policy created a dangerous atmosphere that invites the use of excessive force by correctional officers in violation of the Eighth Amendment. See id. at 18.

In his second claim, Plaintiff alleges that Defendant Allison owed Plaintiff a duty of reasonable care to not put Plaintiff's personal safety in jeopardy and protect him from assaults by other inmates. See id. at 19. According to Plaintiff, Defendant Allison was aware that general population inmates that program on a NDPF yard and are later transferred back to a general population yard would face attempts on their lives. See id. at 16. Based on briefings, reports, and

statistical data about the security, safety, and health of the inmate population, Defendant Allison and Defendant Macomber were aware of the dangers of upholding as NDPF policy. See id. at 16.

Plaintiff asserts that Defendant Jeff Macomber owed a duty of reasonable care not to place his personal safety in jeopardy and to protect him from assaults by other inmates. See id. at 19. Plaintiff claims that Defendant Allison violated that duty by enforcing an "underground regulation" [the NDPF placement policy that had not yet been officially approved] that she knew presented a substantial risk of harm to Plaintiff by other inmates. See id. at 17. Plaintiff claims that Defendant Macomber is currently breaching that duty by continuing to enforce the NDPF policy. See id. at 19. Plaintiff alleges that breaches of duty proximately caused Plaintiff's transfer to a NDPF facility where he suffered physical injuries and loss of his medical back brace. See id. at 19.

Lastly, Plaintiff claims that Defendant Allison failed to abide by her ministerial duties. See id. at 12. According to Plaintiff, Defendant Allison did not commence her ministerial duty of compliance with the Administrative Procedures Act (APA) in order to make the NDPF policy an official regulation until December 3, 2021, and the policy did not become an official regulation until November 14, 2022. See id. at 12.  Plaintiff asserts that if Defendant Allison had waited until the NDPF policy was codified to transfer general population inmates to NDFFs, Plaintiff would not have endured the pain and suffering and loss of his back brace. See id. at 12. Plaintiff alleges that Defendant Former Secretary Kathleen Allison owed Plaintiff a duty to comply with the State's Administrative Procedures Act in order to codify the NDPF policy before forcing inmates to transfer to NDPFs. See id. at 12.  Plaintiff asserts that the duty was breached when Defendant Allison enforced the NDPF policy as an "underground regulation" which had not yet been approved, in violation of state laws. See id. at 20. Plaintiff claims that this breach of duty was the cause of Plaintiff's pain and suffering and loss of medical property. See id. at 20.

/ / /

/ / /

/ / /

/ / /

3

The Court ordered that this case proceed on Plaintiff's original complaint as to his Eighth Amendment and related state law claims against Defendants Macomber and Allison. See ECF No. 10. Defendants answered and the case has been scheduled. See ECF Nos. 18 (answer) and 27 (discovery and scheduling order).[1]

## II. DISCUSSION

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

/ / /

/ / /

---

[1]     Discovery closed on May 9, 2025. See ECF No. 27. The dispositive motion filing deadline has been vacated pending resolution of Plaintiff's discovery motions. See ECF No. 40.

4

Under Rule 37, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  Rule 37 also requires the moving party to meet and confer with the opposing party.  See Fed. R. Civ. P. 37(a)(1).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

### A. Requests for Admissions

At issue are Defendants' responses to Plaintiff's request for admission nos. 16, 17, 24, and 25.  See ECF No. 36.  These requests are as follows:

No. 16

On November 16, 2021, when the classification staff representative at Ironwood State Prison endorsed plaintiff to a Non-Designated Program Facility (NDPF), Defendant Allison had not yet commenced the process to make the NDPF policy an official regulation.

No. 17

On December 3, 2021, Defendant Allison commenced the process of compliance with the Administrative Procedures Act in order to make the NDPF policy an official regulation.

/ / /

/ / /

5

No. 24

On September 30, 2022, Judge James P. Arguellas from the Sacramento Superior Court ordered Defendant Allison to halt the transfer of inmates to Non-Designated Program Facilities pending her compliance with the Administrative Procedures Act.

No. 25

On September 30, 2022, Judge James P. Arguellas determined Defendant Allision did not have discretion to enforce an underground regulation.

ECF No. 36.

As to each of the requests for admissions in dispute, Plaintiff reports that Defendants responded as follows: "Defendants object to this Request on the grounds that it is not relevant to any claims or defenses and it therefore unduly burdensome and irrelevant." ECF No. 36. In their opposition to Plaintiff's motion relating to requests for admissions, Defendants renew their objection that the matters sought to be admitted are irrelevant. See ECF No. 39.

At the outset, the Court notes that, other than request for admission no. 16, Defendants do not provide either the requests at issue or their responses. Instead, Defendants reproduce Plaintiff's request for admission nos. 1, 3, 4, 5, 7, 8, 9, 10, 11, 12, 14, and 15, none of which are raised in Plaintiff's motion. As to request for admission no. 16, the description of the request provided by the parties differs. Compare ECF Nos. 36 and 39.

In any event, to the extent the requests for admissions are as represented by Plaintiff in his motion, and to the extent Defendants object on relevant grounds, the Court will overrule Defendants' objections. The Court finds that the matters set forth in Plaintiff's request for admission nos. 16, 17, 24, and 25 – as represented by Plaintiff in his motion – are indeed relevant to the issue of Defendants' knowledge of the background of the NDPF policy in the context of California's Administrative Procedures Act. Specifically, the matters are relevant to whether Defendants were aware when they promulgated and applied the NDPF policy that the policy had not yet been officially enacted under state law. Defendants will be directed to serve supplemental responses to Plaintiff's request for admission nos. 16, 17, 24, and 25 without further objections.

6

**B.** **Requests for Production of Documents**

At issue are Defendants' responses to request for production nos. 1, 2, 3, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, and 20.  See ECF No. 35.  In their opposition, Defendants argue: (1) Plaintiff's request for production nos. 5-10, 12-16, and 18-19 concern documents related to other institutions or statewide NDPF issues which are not relevant to Plaintiff's claims in this case, see ECF No. 38, pgs. 3-4; (2) Plaintiff's request for production nos. 1-3, 5, and 12-16 concern documents related to other inmates which are not relevant to Plaintiff's claims, see id. at 4; (3) Plaintiff's request for production nos. 5-6 and 20 concern documents related to policy and training materials used by CDCR, see id. at 4-5; and (4) Plaintiff's request for production nos. 17-20 are vague and overbroad, see id. at 5.  The Court will discuss each request and response at issue below.

No. 1

All Rule Violation Reports (RVR's) that have been issued on Non-Designated Programming Facilities (NDPF's) from January 1, 2018, to December 31, 2024.

ECF No. 35, pgs. 1-2.

Defendants object to this request on the grounds that it seeks irrelevant materials, is overbroad and vague in time, and seeks confidential information relating to other inmates.  See id. at 2.  The objection is sustained.

No. 2

All California Department of Corrections and Rehabilitation (CDCR) 7219 Medical Injury Reports that are part of RVR's requested in Request number one.

ECF No. 35, pgs. 2-3.

Defendants object to this request on the grounds that it seeks irrelevant materials, is overbroad and vague in time, and seeks confidential medical information relating to other inmates.  See id. at 3.  The objection is sustained.

/ / /

/ / /

/ / /

7

No. 3

Produce and provide a list of all inmates who have been sent to hospitals to treat injuries that occurred on NDPF's from January 1, 2018, to December 31, 2024.

ECF No. 35, pgs. 4-5.

Defendants object to this request on the grounds that it seeks irrelevant materials, is overbroad and vague in time, and seeks confidential medical information relating to other inmates. See id. The objection is sustained.

No. 5

Produce any and all documents pertaining to excessive use of force claims that have occurred on Non-Designated Programming Facilities (NDPF's) from January 1, 2018, to December 31, 2024.

ECF No. 35, pg. 4.

Defendants object to this request on the grounds that it seeks irrelevant materials, is overbroad and vague in time, and seeks confidential medical information relating to other inmates. See id. The objection is sustained.

No. 6

Produce and provide a list of the facilities throughout CDCR that are or were NDPF's. Include the following: 1. The date each facility became a NDPF; and 2. The date any facility ceased to be a NDPF or closed down.

ECF No. 35, pg. 52.

Defendants object to this request on the grounds that it is irrelevant to Plaintiff's claims concerning an incident in June 2022. See id. The objection is sustained.

No. 7

Provide any and all investigative documents in the possession of CDCR and the Investigative Services Unit (ISU) at Richard J. Donovan State Prison detailing the reasons for all the stabbings/attempted murders that occurred in Facility A From January 1, 2018, to February 19, 2019.

ECF No. 35, pgs. 5-6.

/ / /

/ / /

/ / /

8

Defendants object to this request on the grounds that it is overbroad, burdensome, irrelevant, and seeks confidential information relating to other inmates.  See id. at 6.  The Court agrees, particularly given that the incident at issue in this case occurred at Avenal State Prison in June 2022.  The objection is sustained.

No. 8

Provide any and all investigative documents in the possession of CDCR and the Investigative Services Unit at Richard J. Donovan State Prison detailing the reasons for the riot that occurred in Facility A during the month of February of 2019.

ECF No. 35, pg. 7.

Defendants object to this request on the grounds that it is overbroad, burdensome, irrelevant, and seeks confidential information relating to other inmates.  See id. at 7.  As with request no. 7, the objection is sustained.

No. 9

Provide any and all investigative documents in the possession of CDCR and the Investigative Services Unit at California Men's Colony (CMC) detailing the reasons for the three riots that occurred in Facility A between August 28, 2019, and September 3, 2019.

ECF No. 35, pgs. 7-8.

Defendants object to this request on the grounds that it is overbroad, burdensome, irrelevant, and seeks confidential information relating to other inmates.  See id. at 8.  The objection is sustained.

No. 10

Provide any and all investigative documents in the possession of CDCR which discuss the dangers the Non-Designated Programming Facility (NDPF) policy presents to General Population (GP) inmates that program on NDPF's and are later transferred to GP facilities.

ECF No. 35, pg. 8.

Defendants object to this request on the grounds that it is overbroad, burdensome, irrelevant, and seeks confidential information relating to other inmates.  See id. at 8-9.  The objection is sustained.

No. 12

Provide any and all investigative documents in the possession of CDCR and the Investigative Services Unit at Pleasant Valley State Prison which cite the reasons for the murder of inmate Richard Derderian. . . which occurred in Facility C on March 10, 2023.  Include the following: A list of all the prison/facilities the victim had been housed at prior to being housed at PVSP Facility C.

ECF No. 35, pg. 9.

Defendants object to this request on the grounds that it is overbroad, burdensome, irrelevant, and seeks confidential information relating to other inmates.  See id. at 9-10.  The objection is sustained.

No.  13

Provide any and all investigative documents in the possession of CDCR and the Investigative Services Unit at Pleasant Valley State Prison which mentions the reasons for the stabbing/attempted murder of a Southern Hispanic inmate that occurred in Facility C on March 16, 2023. . . .

ECF No. 35, pg. 11.

Defendants object to this request on the grounds that it is overbroad, burdensome, irrelevant, and seeks confidential information relating to other inmates.  See id.  The objection is sustained.

No. 14

Provide any and all investigative documents in the possession of CDCR and the Investigative Services Unit at Pleasant Valley State Prison which detail the reason for the stabbing/attempted murder of a white inmate that occurred in Facility C on April 27, 2023. . . .

ECF No. 35, pg. 11.

Defendants object to this request on the grounds that it is overbroad, burdensome, irrelevant, and seeks confidential information relating to other inmates.  See id. at 11-12.  The objection is sustained.

/ / /

/ / /

/ / /

10

No. 15

Provide any and all investigative documents in the possession of CDCR and the Investigative Services Unit at Pleasant Valley State Prison which detail the reason for the stabbing/attempted murder of inmate Felipe Mata . . . which occurred in Facility C on May 3, 2023. . . .

ECF No. 35, pg. 12.

Defendants object to this request on the grounds that it is overbroad, burdensome, irrelevant, and seeks confidential information relating to other inmates. See id. The objection is sustained.

No. 16

Provide any and all investigative documents in the possession of CDCR that pertain to incidents of inmates being assaulted, stabbed, or murdered on General Population Facilities because they had previously been housed at a NDPF. . . .

ECF No. 35, pg. 12.

Defendants object to this request on the grounds that it is overbroad, burdensome, irrelevant, and seeks confidential information relating to other inmates. See id. at 12-13. The objection is sustained.

No. 17

Produce and provide any and all documents relating to meetings and conversations the defendants have had regarding the NDPF policy.

ECF No. 35, pg. 13.

Defendants object to this request on the grounds that it is overbroad, burdensome, irrelevant, and seeks confidential information relating to other inmates. See id. The objection is sustained.

No. 18

Provide any and all documents from January 1, 2018, to December 31, 2024, the Secretary of Corrections received which served to keep him/her informed about the incidents of violence at each institution.

ECF No. 35, pg. 13.

///

11

Defendants object to this request on the grounds that it is overbroad, burdensome, irrelevant, and seeks confidential information relating to other inmates. See id. The objection is sustained.

No. 19

Produce and provide the number of violent incidents that have occurred each year throughout CDCR's male prisons from January 1, 2010, to December 31, 2024.

ECF No. 35, pgs. 13-14.

Defendants object to this request on the grounds that it is overbroad, burdensome, and irrelevant. See id. at 14. The objection is sustained.

No. 20

Produce and provide the number of excessive use of force incidents that have occurred each year throughout CDCR's male prisons from January 1, 2010, to December 31, 2024.

ECF No. 35, pg. 14.

Defendants object to this request on the grounds that it is overbroad, burdensome, irrelevant, and seeks confidential information relating to other inmates. See id. at 14-15. The objection is sustained.

**C.    Interrogatories**

At issue are Defendants' responses to interrogatory nos. 1, 2, 3, 4, 6, 7, 8, 9, 10, and 12. See ECF Nos. 33 and 37. It appears based on Plaintiff's motions that these interrogatories were all part of the same set served on Defendants. See id.

While both motions appear to concern the same set of interrogatories, the language reproduced by Plaintiff in both motions differs with respect to the same discovery request. For example, in ECF No. 33 Plaintiff states that interrogatory no. 1 asks the following:

Describe what the Secretary of the CDCR does on a day-to-day basis. Specifically describe your responsibilities for the period you were the Secretary of CDCR. Identify the training, instruction, supervision, review, discipline, and control of members that worked for CDCR. Include a description of the type of records, reports, documents, and memorandums [sic] you received or had access to.

ECF No. 33, pg. 1.

12

In ECF No. 37, Plaintiff describes this same interrogatory as follows:

> Describe your day-to-day job assignments as Secretary of CDCR.  Identify the type of documents you receive or must review.

ECF No. 37, pg. 1.

Plaintiff's descriptions of the other interrogatories at issue also differ between the two motions. Compare ECF Nos. 33 and 37.  Defendants do not provide the Court in the opposition brief with copies of the interrogatories and responses at issue.  See ECF No. 39.

Absent a clear statement by Plaintiff as to the precise language of the interrogatories and responses at issue, the Court finds that Plaintiff has not met his burden on a motions to compel relating to interrogatories, which will be denied.

## III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1.      Plaintiff's motions to compel further responses to interrogatories and requests for production of documents, ECF Nos. 33, 35, and 37, are denied.

2.      Plaintiff's motion to compel further responses to requests for admissions, ECF No. 36, is granted.

3.      Within 30 days of the date of this order, Defendants shall serve supplemental responses to Plaintiff's request for admission nos. 16, 17, 24, and 25, without further objections.

4.      Except for the discovery ordered above, discovery remains closed.

5.      Dispositive motions are due within 90 days of the date of this order.

Dated:  March 24, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

13